UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FARRELLTON MCCULLOUGH,

        Plaintiff,

v.                                  CASE NO. 3:25-cv-1131-WWB-SJH

LOWE'S HOME CENTER LLC,
et al.,

        Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant Lowe's Home Centers, LLC's

Motion for Rule 35 Examination of Plaintiff, filed February 24, 2026 ("Motion"). Doc.

25.

The Motion seeks relief under Fed. R. Civ. P. 35 ("Rule 35"), specifically entry

of an Order: (1) "allowing Lowe's orthopedic expert to conduct a physical

examination of Plaintiff" on March 4, 2026, at 10:30 a.m.; (2) "allowing Lowe's

neurologist expert to conduct a physical examination of Plaintiff" on March 17, 2026,

at 10:45 a.m.; and (3) "preventing any videographer or any third-party present during

Lowe's Rule 35 physical exam." *Id.* at 2-3, 7. Given the timing of the requested relief

relative to the filing of the Motion, Lowe's has designated the Motion as time-sensitive.

*Id.* at 1-2. The Motion is due to be denied without prejudice.

Preliminarily, the Motion does not comply with Local Rule 3.01(g). Although

the Motion purports to include a Local Rule 3.01(g) certification, such states merely

that "Plaintiff has agreed to the date scheduled for the orthopedic compulsory medical examination of Plaintiff. However, despite attempts to confer, Plaintiff has not confirmed availability for neurological examination." *Id.* at 7. This certification—limited to availability for dates—is wholly insufficient as it does not address most of the relief requested in the Motion, including, for example, the taking of the Rule 35 examinations, the proposed manner and scope of the examinations, and the proposed conditions of the examinations. *See id.* at 3-7.[1] For this reason alone, the Motion is due to be denied without prejudice.

If a renewed motion is filed, it must fully comply with Local Rule 3.01(g) and follow proper conferral.[2] With proper conferral, and to the extent they have not

---

[1] Not only is the Motion's certification insufficient, but it appears to conflict with representations elsewhere in the Motion. *Compare id.* at 7, *with id.* at 1 ("Further, Plaintiff has agreed to the orthopedic compulsory medical examination scheduled for March 4, 2026 and to the neurological compulsory medical examination scheduled for March 17, 2026.").

[2] As guidance, email conferral may be appropriate where a motion is unopposed or where it supplements a meaningful person-to-person conversation. But email ordinarily ought not be the sole method of conferral before a motion is presented as opposed. *See, e.g.*, *McLaughlin v. Select Rehab. LLC*, No. 3:22-cv-59-HES-MCR, 2023 WL 3009868, at *3 (M.D. Fla. Mar. 15, 2023) ("Local Rule 3.01(g) requires a movant to 'confer with the opposing party in a good faith effort to resolve the motion.' . . . The rule has been construed to mean to 'speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.'" (citations omitted)); *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2018 WL 3327876, at *1 n.1 (M.D. Fla. July 6, 2018) ("The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter."). "The importance of Local Rule 3.01(g) 'cannot be overstated.'" *Craig v. Target Corp.*, No. 2:23-cv-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (citation omitted). Local Rule 3.01(g) "is designed to foster communication between the parties and help resolve certain disputes without court intervention[,]" and it helps "ensure the finite resource of judicial time is expended on genuine disputes[.]" *Id.* (citation omitted); *see also Hernandez v. Rodriguez*, No. 5:24-cv-137-JSM-PRL, 2025 WL 756547, at *1 (M.D. Fla. Feb. 3, 2025);

already done so, *see supra* note 1, the Court expects that the parties can reach agreement on any Rule 35 issues. To that end, any renewed motion should be filed only if necessary. A stipulated Rule 35 examination does not necessarily require judicial action. *See* Fed. R. Civ. P. 35(b)(6) ("This subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise."); *see also Nichols v. Michaels Stores, Inc.*, No. 6:23-cv-807-GAP-RMN, 2024 WL 6978075, at *1 (M.D. Fla. June 24, 2024) (explaining that "the parties may agree to conduct a Rule 35 examination absent a court order" and that "'examination[s] made by the parties' agreement' are treated the same as examinations ordered by the Court" (quoting Fed. R. Civ. P. 35(b)(6))).

These considerations are particularly important before any renewed relief is requested on a time-sensitive basis. Plaintiff was deposed more than three months ago, Doc. 25-1, and the Court's scheduling Order was in place even earlier, Doc. 16. Why any relief related to a Rule 35 examination scheduled for as early as next week is only now being brought to the Court's attention is not satisfactorily explained. Doc. 25 at 1-2. Self-induced time-sensitive requests are discouraged and may be ineffective. *Cf. Klinakis v. Altus Jobs, LLC*, No. 6:22-cv-1756-RBD-RMN, 2023 WL 9792678, at *5 (M.D. Fla. Oct. 13, 2023) (admonishing in scheduling order that "the designation 'emergency' or 'time-sensitive' may cause the Court to abandon other pending matters in order to immediately address the motion"; that "procrastination is not an

---

*McLaughlin*, 2023 WL 3009868, at *3. "The Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g)." *See Hernandez*, 2025 WL 756547, at *2.

emergency"; and that "[i]n any event, the Court may consider and determine a motion designated as an 'emergency' or 'time-sensitive' at any time"); *Culliver v. BP Expl. & Prod., Inc.*, No. 3:21-cv-4942-MCR-HTC, 2023 WL 11992441, at *1 (N.D. Fla. Jan. 19, 2023) (crafting limited relief and otherwise denying motion where a party's "need for expedited consideration of the motion" was "a conundrum of his own making").

Accordingly, it is **ordered** that the Motion, Doc. 25, is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on February 25, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

4