UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FARRELLTON MCCULLOUGH,

        Plaintiff,

v.                                          CASE NO. 3:25-cv-1131-WWB-SJH

LOWE'S HOME CENTER LLC, et al.,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Lowe's Home Centers, LLC's

motion to compel ("Motion to Compel"), Doc. 32; Plaintiff's response in opposition

thereto ("Response"), Doc. 35; and Plaintiff's motion for relief from technical

admissions ("Motion for Relief"), Doc. 34.

In the Motion to Compel, Defendant Lowe's Home Centers, LLC ("Lowe's")

moves for an order compelling Plaintiff to provide responses to certain outstanding

discovery requests, deeming Lowe's requests for admission admitted for failure to

respond, and awarding Lowe's the reasonable expenses incurred in making the Motion

to Compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). Doc. 32. In the Motion for Relief,

Plaintiff includes substantive responses to Lowe's requests for admission and seeks to

have Plaintiff's technical admissions to the requests for admission withdrawn with

Plaintiff's substantive responses substituted in their place. Doc. 34. And in the

Response, Plaintiff represents that Plaintiff has now fully responded without objection

(other than privilege) to all other outstanding discovery requests, explaining the

reasons for the earlier delay. Doc. 35.

No timely response was filed to the Motion for Relief, which is deemed unopposed and **granted**. *See* Local Rule 3.01(d). Plaintiff's technical admissions to the requests for admission at issue in the Motion for Relief are withdrawn with Plaintiff's substantive responses substituted in their place. The Motion to Compel is thus **denied** with respect to deeming Lowe's requests for admission admitted.

To the extent the Motion to Compel seeks to compel Plaintiff to respond to outstanding discovery, given the representations in the Response that Plaintiff has now fully done so without objection, the Motion to Compel is **denied as moot** without prejudice to the filing of a renewed motion if necessary (and after proper conferral) to challenge the sufficiency of any updated discovery responses. *See, e.g.*, *Riva Del Lago Condo. Ass'n, Inc. v. Steadfast Ins. Co.*, No. 2:24-cv-1056-JLB-KCD, 2025 WL 1001505, at *1 (M.D. Fla. Apr. 3, 2025); *Trahan v. Sandoz Inc.*, No. 3:13-cv-350-J-34MCR, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015).

Given that the discovery responses were provided only after the Motion to Compel, Fed. R. Civ. P. 37(a)(5)(A) applies, and the Court must award Lowe's the reasonable expenses incurred in making the Motion to Compel, absent circumstances warranting application of an exception under the Rule. Upon consideration of the Motion and Response, while a close call, the Court determines given the representations in the Response that "circumstances make an award of expenses

unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).[1] Thus, the Motion to Compel is **denied** to the extent it seeks an award of expenses.

        **DONE AND ORDERED** in Jacksonville, Florida, on May 1, 2026.

                                      Samuel J. Horovitz
                                      United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] In addition to the representations in the Response, it not clear that the conferral preceding the Motion to Compel and corresponding certification therein was fully compliant with Local Rule 3.01(g) and Fed. R. Civ. P. 37 and sufficiently comprehensive to warrant an expense award under the circumstances. *Cf. Com. First Fin., LLC v. Summerlin Bass, LLC*, No. 2:10-cv-290-CEH-DNF, 2011 WL 13141496, at *2 (M.D. Fla. June 16, 2011); *see also Branch v. Victory II, LLC*, No. 3:16-cv-920-J-39MCR, 2017 WL 10808790, at *1 (M.D. Fla. Aug. 4, 2017) (finding discussion almost two months before the filing of a motion to compel "was insufficient to meet the requirements of Local Rule 3.01(g), as the discussion was too remote in time to the filing of the Motions to Compel and incomplete"). Indeed, the only conferral mentioned by Lowe's *precedes* the date certain discovery at issue in the Motion to Compel was even due. *See* Doc. 32 at 2, 6.